# United States District Court
# Central District of California

| | |
|---|---|
| ROBERT D. RICHMAN,<br>        Plaintiff,<br>   v.<br>ROB MOSHEIN,<br>        Defendant. | Case No. 2:13-cv-07795-ODW(FFMx)<br><br>**ORDER CONTINUING ORDER TO SHOW CAUSE RE. SERVICE** |

On January 6, 2014, Plaintiff Robert Richman filed his First Amended Complaint against Defendant Rob Moshein. (ECF No. 11.) The Clerk of Court issued a Summons the same day. (ECF No. 12.) In the First Amended Complaint, Richman indicated that he "has not put Moshein on notice, presently though service, since he does not want Moshein to know his home address . . . ." (FAC at 4.)

On January 13, 2014, the Court ordered Richman to show cause why he had not served Moshein. (ECF No. 13.) The Court informed Richman that service of the Complaint was not optional.

Richman responded to the Court's Order to Show Cause in a letter postmarked April 30, 2014. Richman again informed the Court that he had not served Moshein

/ / /

because he wants no contact with Moshein and requested an extension of time for service in order to secure a P.O. Box.

Richman's response to the Court's Order to Show Cause is problematic. First, it is violation of the local rules to communicate with the Court in this way. Local Rule 83-2.5 provides,

> Attorneys or parties to any action or proceeding shall refrain from writing letters to the judge, sending e-mail messages to the judge, making telephone calls to chambers, or otherwise communicating with a judge in a pending matter unless opposing counsel is present. All matters must be called to a judge's attention by appropriate application or motion filed in compliance with these Local Rules.

Richman must refrain from unilateral (ex parte) communications with the court concerning matters affecting his case. Richman must properly file his requests with the clerk's office in accordance with the local rules.

Additionally, Richman *must* serve a copy of the summons and complaint on Moshein—regardless of his concerns about Moshein learning of his address. The summons and complaint is notification that a lawsuit has been filed. If service is not made within 120 days from the date the complaint is filed, Federal Rule of Civil Procedure 4(m) requires the Court to dismiss the action without prejudice or order that service be made within a specified time. The Court will only extend the time for service if a plaintiff can demonstrate good cause for the failure to serve.

Although the Court is sympathetic to Richman's sensitivities regarding Moshein, it simply does not amount to good cause for not serving Moshein with a copy of the summons and complaint. Richman contends that he has not had time to secure a P.O. Box, but Richman had almost four months in which to do so.

This is not the first time that Richman has failed to comply with the Rules. (ECF No. 8, 10.) Although pro se litigants are entitled to some leniency in terms of procedure, pro se litigants are still bound by the rules.

The Court for the third time encourages Richman to seek assistance from the Federal Pro Se Clinic. The clinic is located in the United States Courthouse at 312 N. Spring Street, Room 525, Fifth Floor, Los Angeles, California 90012. The clinic is open for appointments on Mondays, Wednesdays, and Fridays from 9:30 a.m. to 12:00 p.m. and 2:00 p.m. to 4:00 p.m.

The Federal Pro Se Clinic offers free, on-site information and guidance to individuals who are representing themselves in federal civil actions. For more information, Richman may visit http://www.cacd.uscourts.gov/ and follow the link for "Pro Se Clinic – Los Angeles" or contact Public Counsel at 213-385-2977, extension 270. Richman is encouraged to visit the clinic prior to filing an amended complaint for advice concerning his case.

Accordingly, the Court **ORDERS** Richman to serve a copy of the summons and complaint on Moshein no later than **Monday, June 2, 2014**. The Court continues the Order to Show Cause to **Monday, June 9, 2014**. No hearing will be held. The Court will discharge this Order to Show Cause upon filing of a valid proof of service upon Moshein. Failure to timely comply with the Court's order will result in dismissal of this action. Richman must also update the Clerk's office with his new valid address—residential or P.O. Box—no later than **Tuesday, May 27, 2014**.

**IT IS SO ORDERED.**

May 12, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**