**O**
**JS-6**

# United States District Court
# Central District of California

| | |
|---|---|
| ROBERT D. RICHMAN, | Case No. 2:13-cv-07795-ODW(FFMx) |
|         Plaintiff, | |
|    v. | **ORDER DISMISSING ACTION FOR** |
| ROB MOSHEIN, | **FAILURE TO TIMELY SERVE** |
|         Defendant. | **DEFENDANT** |

On January 6, 2014, Plaintiff Robert Richman filed his First Amended Complaint ("FAC") against Defendant Rob Moshein. (ECF No. 11.)  Richman indicated that he "has not put Moshein on notice, presently though service, since he does not want Moshein to know his home address . . . ." (FAC ¶ 4.)

On January 13, 2014, the Court ordered Richman to show cause why he had not served Moshein within the 120 days provided by Federal Rule of Civil Procedure 4(m).  (ECF No. 13.)  The Court informed Richman that service of the Complaint was not optional, and warned Richman that failure to timely respond the Court's Order would result in dismissal of the action.  (*Id.*)

Richman responded to the Court's Order to Show Cause in an ex parte communication—a letter postmarked April 30, 2014.  Richman again informed the Court that he had not served Moshein, because he wanted no contact with Moshein

and requested an extension of time for service.  Richman requested the extension so that he could secure a P.O. Box.

On May 12, 2014, the Court continued its Order to Show Cause Re. Service. (ECF No. 14.)  In the Order, the Court warned Richman to refrain from ex parte communications with the Court, which violate Local Rule 83-2.5.  The Court directed Richman to properly file his requests and responses to the Court with the Clerk's office.  The Court further ordered Richman to serve a copy of the Summons and Complaint on Moshein no later than Monday, June 2, 2014.  (*Id.*)  The Court also ordered Richman to update his address with the Clerk's office no later than Tuesday, May 27, 2014.  (*Id.*)  To date, Richman has complied with neither of the Court's Orders.

On May 15, 2014, the Court received another ex parte communication, this one from "an interested observer."  (ECF No. 15.)  The letter condemned Richman's ex parte communications with the Court and accused Richman of a litany of bad acts. (*Id.*)  The Court uploaded the letter to the docket to preserve the peculiar evolution of the record in this action.  (ECF No. 16.)

Ironically, Richman responded to the docketing of this interested-observer letter in yet another ex parte communication—despite the Court's clear warnings against such correspondence.  In the June 17, 2014 letter, Richman accuses Moshein of authoring the interested-observer letter and demands that the Court sanction Moshein. Although Richman directs that, "This letter should not be construed, in any way, [sic] an ex parte communication," that is precisely what the letter is.  Richman has repeatedly refused to abide by the Federal Rules of Civil Procedure, the Local Rules, and this Court's own rules.

Although Richman states in his ex parte communication that he "do[es] not want the case dismissed," this does not qualify as a response to the Court's Order to Show Cause Re. Service.  Richman is in violation of the Court's May 12, 2014 Order, which required him to serve Moshein no later than Monday, June 2, 2014.  And

Richman provides no good cause for his failure.  Accordingly, the Court **DISMISSES** this action against Defendant Rob Moshein **WITHOUT PREJUDICE** for failure to timely serve Moshein.  Fed. R. Civ. Pro. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant . . . .").  The Clerk of Court shall close this case.

     **IT IS SO ORDERED.**

June 23, 2014

                               _____
                                    **OTIS D. WRIGHT, II**
                             **UNITED STATES DISTRICT JUDGE**